UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DARYL SCHEETZ, | ) | Civ. 13-4144-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DENNIS KAEMINGK, Secretary of | ) | |
| Corrections, in his individual and | ) | ORDER DISMISSING |
| official capacity; | ) | COMPLAINT IN PART, DENYING |
| ROBERT DOOLEY, Chief Warden | ) | MOTION FOR PRELIMINARY |
| and Director of Prison Operations, in | ) | INJUNCTION, DENYING MOTION |
| his individual and official capacity; | ) | TO APPOINT COUNSEL, AND |
| DARREN YOUNG, Warden, in his | ) | DIRECTING SERVICE OF |
| individual and official capacity; | ) | COMPLAINT |
| TROY PONTO, Associate Warden, in | ) | |
| his individual and official capacity; | ) | |
| ARTHUR ALLCOCK, Associate | ) | |
| Warden, in his individual and | ) | |
| official capacity; | ) | |
| CLIFFORD FANTROY, Director of | ) | |
| Security, in his individual and | ) | |
| official capacity; | ) | |
| CRYSTAL VANVOOREN, Major | ) | |
| Special Security, in her individual | ) | |
| and official capacity; | ) | |
| HUNTER SUMMERS, Lieutenant | ) | |
| Special Security, in his individual | ) | |
| and official capacity; and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Daryl Scheetz, is an inmate at the South Dakota State

Penitentiary (SDSP) in Sioux Falls, South Dakota. Scheetz filed a pro se civil

rights lawsuit pursuant to 42 U.S.C. § 1983 and requested leave to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 2. On January 6, 2014, the court granted Scheetz leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee by February 6, 2014. Docket 7. Scheetz has since paid the initial partial filing fee. Docket 14. Furthermore, Scheetz has filed a motion for preliminary injunction (Docket 8) and a motion to appoint counsel (Docket 11).

The court must now screen Scheetz's complaint to determine whether any claims should be dismissed. Pursuant to the PLRA, the court must dismiss an action or any portion thereof if the prisoner has raised a claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## STANDARD OF REVIEW

A claim "is frivolous where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous when it is "based on an indisputably meritless legal theory" or where the factual contentions "are clearly baseless." *Id.* at 327. The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for failure to state a claim, "[t]he court must presume that the

factual allegations in the complaint are true and accord all reasonable inferences from those facts to the [pleader]." *Valiant-Bey v. Morris*, 829 F.2d 1441, 1443 (8th Cir. 1987) (citing *Holloway v. Lockhart*, 792 F.2d 760, 762 (8th Cir. 1986)).

Pro se complaints, " 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers.' " *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (noting that "civil rights pleadings should be construed liberally"). Nonetheless, a pro se complaint must comply with the minimal requirements set forth in the Federal Rules of Civil Procedure, which specifically require pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a pro se complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Simply stated, a pro se complaint must "allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to "supply additional facts, nor will [it] construct a legal theory that assumes facts that have not been pleaded." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). If the complaint does not contain these bare

3

essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

### DISCUSSION

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)). In the instant case, Scheetz claims that defendants have engaged in retaliatory discipline, thus violating the Eighth Amendment's prohibition on cruel and unusual punishment. Docket 1 at 4–7. Furthermore, Scheetz alleges that defendants have violated his rights under the due process and equal protection clauses of the Fourteenth Amendment. *Id.* at 7–8. To remedy these alleged constitutional violations, Scheetz requests that the court issue a declaratory judgment in his favor and order defendants to restore Scheetz's Class I visitation rights and expunge inaccurate accusations from Scheetz's institutional record. *Id.* at 9–10. Scheetz also requests compensatory and punitive damages. *Id.* at 10.

### I.    Scheetz Has Alleged Facts Sufficient to Support a Retaliatory Discipline Claim under the Eighth Amendment.

To establish a prima facie case of retaliatory discipline, a plaintiff must show that "(1) the prisoner exercised a constitutionally protected right;

4

(2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). Here, Scheetz alleges that his visitation privileges were reduced from Class I to Class II visits[1] "in retaliation for acts [he] committed . . . at the Mike Durfee State Prison." Docket 1 at 5. Although Scheetz does not specify the nature of his conduct at Mike Durfee State Prison (MDSP), the court will assume for pleading purposes that the conduct in question involved the exercise of constitutionally protected rights. The court therefore finds that Scheetz has alleged facts sufficient to support the claim that his visitation rights were circumscribed in retaliation for Scheetz's exercise of a constitutionally protected right. Scheetz's retaliatory discipline claim therefore survives initial review under 28 U.S.C. § 1915(e)(2)(B).

## II.    Scheetz Has Not Alleged Facts Sufficient to Support a Due Process Claim under the Fourteenth Amendment.

The Eighth Circuit has consistently held that there is no constitutional right to visitation in prison. *Ware v. Morrison*, 276 F.3d 385 (8th Cir. 2002). "Consequently, in the Eighth Circuit, it appears that prison officials are free to arbitrarily deny visitation, even indefinitely, with a prisoner's mother, wife,

---

[1] According to Scheetz, Class I visits are contact visits, while Class II visits take place in two separate rooms where visitors are separated from inmates by a piece of glass. Docket 1 at 3. During Class II visits, inmates communicate with visitors using a phone. *Id.* Class II visits are restricted to one visitor at a time. *Id.*

5

child, or close friend without being subject to federal court scrutiny."
*Steinbach v. Branson*, No. 1:05-CV-101, 2007 WL 2985571, at *5 (D.N.D.
Oct. 9, 2007). Scheetz's right to contact visits therefore does not constitute a
liberty interest protected by the Due Process Clause. *Phillips v. Norris*, 320
F.3d 844, 847 (8th Cir. 2003) (citation omitted) ("A prisoner does not have a
liberty interest in contact visitation."); *see also Ky. Dep't of Corr. v. Thompson*,
490 U.S. 454, 460–61 (1989) ("The denial of prison access to a particular
visitor 'is well within the terms of confinement ordinarily contemplated by a
prison sentence,' and therefore is not independently protected by the Due
Process Clause.") (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)).
Accordingly, Scheetz's due process claim does not survive initial review under
28 U.S.C.
§ 1915(e)(2)(B).

## III.   Scheetz Has Alleged Facts Sufficient to Support an Equal Protection Claim under the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment prohibits
the government from unfairly discriminating between similarly situated
groups. To invoke the protections of the Equal Protection Clause, a plaintiff
must "allege he was a member of a protected class or that a fundamental
right was violated." *Phillips*, 320 F.3d at 848. If neither of those elements can
be alleged, a plaintiff must allege "that similarly situated classes of inmates
are treated differently, and that this difference in treatment bears no rational

6

relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); *see also Romer v. Evans*, 517 U.S. 620, 631 (1996) (explaining that "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end").

Here, Scheetz has not alleged that he is a member of a protected class or that defendants violated a fundamental right. Scheetz does, however, allege that he is being treated differently than similarly situated inmates. Docket 1 at 7. More specifically, Scheetz represents that defendants have circumscribed his visitation rights due to allegations that Scheetz has engaged in the transferring of funds to other inmates—an offense for which no other inmate has been deprived contact visitation. Docket 1 at 3, 7. Taking these allegations as true and drawing all reasonable inferences therefrom in Scheetz's favor, the court finds that Scheetz has alleged facts sufficient to support an equal protection claim for purposes of surviving initial review under 28 U.S.C. § 1915(e)(2)(B).

## IV.   The Court Denies Scheetz's Motion for Preliminary Injunction.

"A preliminary injunction is an extraordinary remedy." *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citation omitted); *see also Hughbanks v. Dooley*, 788 F. Supp. 2d 988, 992 (D.S.D.

7

2011) ("[I]n the prison setting, a request for a preliminary injunction 'must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' ") (quoting *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 520. To determine whether the issuance of a preliminary injunction is appropriate, the court considers the following factors:

(1)   the threat of irreparable harm to the movant;
(2)   the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3)   the probability that movant will succeed on the merits; and
(4)   the public interest.

*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The court asks "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* at 113.

Although no single factor is determinative, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *see also Dataphase*, 640 F.2d at 114 n.9 ("[T]he absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."). To demonstrate irreparable harm, plaintiff must show that the harm is "certain,

great and of such imminence that there is a clear and present need for equitable relief." *Packard Elevator v. Interstate Commerce Comm'n*, 782 F.2d 112, 115 (8th Cir. 1986). Notably, "plaintiff must make a showing of actual, substantial harm resulting from the alleged infringement." *Travelers Express Co. v. Transaction Tracking Tech., Inc.*, 305 F. Supp. 2d 1090, 1095 (D. Minn. 2003) (citation omitted).

In the instant case, Scheetz has alleged that he is threatened by irreparable harm, that the balance of hardships falls in his favor, that he is likely to succeed on the merits, and that the relief he is seeking will serve the public interest. Docket 8 at 1. Scheetz, however, has not provided facts to support these bare assertions. Most significantly, he has failed to show "actual, substantial harm resulting from the alleged infringement." *Travelers Express*, 305 F. Supp. 2d at 1095. Accordingly, the court finds that Scheetz has not met his burden of proving that a preliminary injunction should be issued. Scheetz's motion for preliminary injunction is therefore denied.

## V.     The Court Denies Scheetz's Motion to Appoint Counsel.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting

9

testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Scheetz's remaining claims are not complex. Scheetz appears able to adequately present his § 1983 claims at this time, and his motion to appoint counsel (Docket 11) is therefore denied. Accordingly, it is

ORDERED that Scheetz's complaint is dismissed in part pursuant to 28 U.S.C. § 1915. Scheetz's retaliatory discipline and equal protection claims have been sufficiently pleaded to survive initial review under § 1915, but his due process claim is dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk of court will cause service of the complaint, summons, and this order upon defendants. All costs of service will be advanced by the United States.

IT IS FURTHER ORDERED that defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

IT IS FURTHER ORDERED that Scheetz will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

10

IT IS FURTHER ORDERED that Scheetz's motion for preliminary injunction (Docket 8) is denied.

IT IS FURTHER ORDERED that Scheetz's motion to appoint counsel (Docket 11) is denied.

Dated March 4, 2014.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

11